UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WYATT WILKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:10-CV-130 PS |
| vs. | ) |
| | ) |
| MARK ALTENHOF, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Wyatt Wilken, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Courts apply the same standard under Section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to state a claim for relief that is plausible on its face and to raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In deciding whether the complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that: (1) the defendants deprived him of a federal constitutional right; and (2) the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Wilken's claims arise from a criminal case in Elkhart County in which he was convicted of felony stalking. The defendant, Mark Altenhof, was the prosecutor assigned to the case. According to the complaint and attachments, Wilken pled guilty to stalking in November 2006 and was sentenced to one year of home detention and two years of probation. In October 2007, while Wilken was serving his home detention sentence, Altenhof filed a "Motion to Revoke Home Detention and Probation," on the ground that Wilken was again harassing the victim he had been convicted of stalking.[1] A hearing was held, at which Wilken failed to appear. The judge subsequently granted the motion, revoked Wilken's home detention, and issued a warrant for his arrest with a "no bond hold." Wilken was later arrested in Texas, and in January 2008 he was extradited to Elkhart County. At that time, Wilken had at least one other criminal case pending against him in Elkhart County. (*See* DE 4-1.)

In April 2008, a status hearing was held on Wilken's pending cases. According to a transcript Wilken attaches to the complaint, during the hearing his attorney raised a concern that Wilken was still being held at the Elkhart County jail pursuant to the "no bond hold," even

---

[1] Among the allegations were that Wilken went to the home of the victim's parents and threatened to "take [you] all out" and to make the victim "disfigured." (DE 4-1 at 3.) He was also accused of posting the victim's photograph and personal information on the website Craigslist, and offering her services as an "erotic" escort. (*Id.* at 2-3.)

though in counsel's view he had fully served his sentence in connection with the home detention revocation. (DE 4-1 at 8.) Altenhof informed the judge that he "didn't know this was going to be an issue today," and requested that he be allowed time to review Wilken's criminal record and credit history before responding to counsel's argument. (*Id.* at 9.) The judge agreed that it was necessary to go through the files to determine whether Wilken had completed his sentence on that charge such that the "no bond hold" could be vacated. The judge set the matter for a status hearing the following day. After the status hearing the next day, the judge issued an order stating that Wilken had served his sentence on that conviction and vacating the "no bond hold." (DE 4-1 at 27.) That same day, Wilken posted bond in another pending criminal case and was released from custody. (*Id.*)

Based on these facts, Wilken raises two claims against Altenhof. First, he claims that Altenhof lacked probable cause to file the motion to revoke his home detention in the first place. (DE 4 at 3.) A prosecutor is absolutely immune from suit when he is performing functions that are "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993). This includes the prosecutor's decision to bring charges, even if he acted "maliciously, unreasonably, [or] without probable cause." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003.) Accordingly, this claim must be dismissed.

Wilken's remaining claim is that Altenhof's actions caused him to be improperly held—for 101 days by his count—after he had finished serving his sentence. (DE 4 at 3-4.) Detaining an inmate beyond his release date can, under certain circumstances, constitute a violation of the Eighth Amendment. *Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). To state such a claim, the plaintiff must

show that "a *prison official* knew of the prisoner's problem and thus of the risk that unwarranted punishment was being inflicted." *Burke*, 452 F.3d at 669 (emphasis added); *see also Campbell*, 256 F.3d at 700 (inmate stated claim against prison officials who failed to release him at the end of his sentence). Altenhof is not a prison official; he is a prosecutor. Wilken does not allege, nor is it reasonable to infer, that Altenhof was Wilken's custodian, that it was his duty to calculate Wilken's release date, or that he otherwise had control over when Wilken would be released.

Moreover, when the matter was brought to Altenhof's attention, he took action to determine whether Wilken was being improperly held. To state a claim for being held past a release date, the inmate's extended incarceration must be "the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated." *Campbell*, 256 F.3d at 700. Deliberate indifference is a high standard. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). Wilken does not allege facts rising to the level of deliberate indifference by Altenhof. Instead, Wilken's complaint reveals a convoluted factual scenario arising from his overlapping criminal cases and probation revocation charges. When the matter of the "no bond hold" was brought to Altenhof's attention, he requested time to review the relevant records, which the trial judge agreed was warranted. The following day, the "no bond hold" was vacated and Wilken was released from custody. Based on these facts, it is not reasonable to infer that Altenhof was deliberately indifferent to Wilken's rights.

While it is troubling that Wilken may have been held beyond the expiration of his release date, Wilken has not stated a federal constitutional claim against Altenhof. Wilken may have some claim based on state law against other individuals, but there are no such claims presented here and so I have not adjudicated them.

For these reasons, Wilken's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: May 28, 2010.

 /s/ Philip P. Simon
Philip P. Simon, Chief Judge
United States District Court